**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONAIR CORPORATION and**
**BABYLISS FACO SPRL,**

                **Plaintiffs,**

**v.**                                        **Case No:   6:14-cv-831-Orl-31TBS**

**BARBAR, INC. and DOMINIC BARBAR,**

                **Defendants.**

_____

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Emergency Temporary Restraining Order (Doc. 2) and supporting memorandum of law without response from the Defendants.

I.      **Background**[1]

In this case, Conair Corporation ("Conair") is allegedly the exclusive patent licensee for a hair styling aid, United States Patent No. 8,607,804, and a hair styling device, United States Patent No. 8,651,118, and Babyliss Faco Sprl ("Babyliss"), a Conair subsidiary, allegedly owns Design Patent D696,456. These patents are utilized in hair curling devices. Plaintiffs assert that the Defendants have produced an infringing product, which the Defendants intend to sell at a hair and beauty trade show in Orlando beginning tomorrow, May 31, 2014 (the "Trade Show"). The Complaint also asserts claims for federal trade dress infringement and common law unfair competition. Plaintiffs only learned of the Defendants' intent to sell the allegedly infringing products

_____

[1] All background details are gathered solely from the Plaintiffs' pleadings, which the Defendants have, as of this Order, not had the opportunity to respond to.

at the Trade Show two days ago, on May 28, 2014, and they now seek an order from this Court prohibiting the Defendants from selling the competing products at the Trade Show.

## II.    Standard

To warrant a Temporary Restraining Order ("TRO") Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). *See also Hammock ex rel. Hammock v. Keys et al.*, 93 F. Supp. 2d 1222, 1226–1227 (S.D. Ala. 2000). The standard for a preliminary injunction also applies to a request for a temporary restraining order. *Morgan Stanley DW, Inc., v. Frisby*, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001) (*citing Ingram*, 50 F. 3d at 900)). A TRO is an extraordinary remedy, and is not warranted unless the Plaintiff has clearly met the four required elements. *C.f., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir.1990).

## III.    Analysis

Patent cases are notoriously complex. *See Minemyer v. B-Roc Representatives, Inc.*, 07 C 1763, 2010 WL 3787093 (N.D. Ill. Sept. 21, 2010) *aff'd sub nom. Minemyer v. R-Boc Representatives, Inc.*, 515 F. App'x 897 (Fed. Cir. 2013) (noting that patent cases are more time-consuming and are more taxing on judicial resources than most civil cases). In this instance, the Plaintiffs ask the Court to determine in less than a day that they have a substantial likelihood of success on a patent case involving three patents, unfair competition, and an alleged violation of trade dress. Simply put, less than twenty-four hours is too little time for a Court to make a reasoned and

reflective determination as to whether Plaintiffs have a substantial likelihood of succeed on such a complex matter.

Further, a TRO is only warranted where the Plaintiff demonstrates a substantial threat of irreparable injury. *Tough Mudder, LLC v. Mad Cap Events, LLC*, 6:12-CV-354-ORL-31, 2012 WL 1946073 at *2 (M.D. Fla. May 30, 2012) (addressing irreparable injury in context of preliminary injunction). In this case the Trade Show only lasts for three days and is geographically limited. While continued sales of infringing products may cause irreparable injury to the Plaintiffs, they have not presently demonstrated irreparable harm based on the anticipated forthcoming sales at the Trade Show.

The Court cannot find that the Plaintiffs have clearly shown a substantial likelihood of success in this case, further the threatened damage is not, at this stage, irreparable.

It is therefore,

**ORDERED,** the Motion for TRO (Doc. 2) is **DENIED** insofar as it seeks an order prohibiting the Defendants' sales at the Trade Show. The motion is hereby converted into a Motion for Preliminary Injunction as to other sales of the allegedly infringing products. The Plaintiffs are ordered to serve the Defendants by any practical means with the Complaint, Motion (Doc. 2), and a copy of this Order by Tuesday, June 3, 2014. Defendants shall have until Tuesday, June 9, 2014 to respond to the Motion (Doc. 2), and the Plaintiff may reply by June 11, 2014. All parties and counsels of record shall appear before this Court for an evidentiary hearing on the Motion on **Friday, June 13, 2014 at 1:00 p.m.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 30, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party