# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CONAIR CORPORATION and**
**BABYLISS FACO SPRL,**

        **Plaintiffs,**

**v.**                                                       **Case No:   6:14-cv-831-Orl-31TBS**

**BARBAR, INC. and DOMINIC BARBAR,**

        **Defendants.**

## ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction, which was converted from the Plaintiffs' Motion Emergency Temporary Restraining Order ("TRO") (Doc. 2) and supporting memorandum of law, the Defendant's Response (Doc. 20), the Plaintiffs' Reply in support of the motion (Doc. 22), and an evidentiary hearing held on the motion on June 13, 2014.

### I.  Background

Conair Corporation ("Conair") is allegedly the exclusive patent licensee for a hair styling aid, United States Patent No. 8,607,804, and a hair styling device, United States Patent No. 8,651,118. Babyliss Faco Sprl ("Babyliss"), a Conair subsidiary, allegedly owns Design Patent D696,456. These patents are utilized in hair curling devices. Plaintiffs assert that the Defendants have produced an infringing product. The Complaint also asserts claims for federal trade dress infringement and common law unfair competition.

### II.  Standard

To warrant a preliminary injunction the Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not

granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the injunction would serve the public interest." *Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (*citing Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995)). *See also Hammock ex rel. Hammock v. Keys et al.*, 93 F. Supp. 2d 1222, 1226–1227 (S.D. Ala. 2000). A preliminary injunction is an extraordinary remedy, and is not warranted unless the Plaintiff has clearly met the four required elements. *C.f., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir.1990).

### III. Analysis

During the evidentiary hearing the Court heard testimony from both parties. While the products appeared similar, there was a striking difference in the volume of sales between the Plaintiffs' product and the Defendants' product. Specifically, the Plaintiffs estimated that the sales of their hair curling product resulted in over a million units sold in 2013 and more than two million units are projected to be sold in 2014. (Doc. 30 at 27:24-28:16). The Defendants' sales, however, were in the range of approximately 500 units, with a total production of only 2500 units. (*See Id.* at 106:25-107:6). Currently, the Defendants' total sales represent .025% of the Plaintiffs' projected sales this year. Even if the Defendants were to sell their entire inventory of 2500 units, that would represent only .125% of the Plaintiffs' projected sales for 2014.

A preliminary injunction is only warranted where the Plaintiff demonstrates a substantial threat of irreparable injury. *Tough Mudder, LLC v. Mad Cap Events, LLC*, 6:12-CV-354-ORL-31, 2012 WL 1946073 at *2 (M.D. Fla. May 30, 2012) (addressing irreparable injury in context of preliminary injunction). Further, "[a]t the preliminary injunction stage, irreparable harm consists of

harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits." *Canon, Inc. v. GCC Int'l Ltd.*, 263 F. App'x 57, 62 (Fed. Cir. 2008).[1]

The Plaintiffs' theory of irreparable harm is that they will suffer price erosion and that their reputation and product's reputation will be tarnished. (*See* Doc. 2-1 at 6-7). As to price erosion, a competitor whose sales would represent less than .2% of the Plaintiffs projected sales for this year is not a significant threat to the Plaintiffs' price point. Moreover, the testimony at the evidentiary hearing showed that the Defendants' two-for-one pricing discount was simply for trade show marketing purposes and does not represent the regular pricing of the Defendants' product. (*See* Doc. 30 at 32:16-33:7 (describing receipt for two of Defendants' products for total cost of $100)). That limited marketing effort does not represent an intent to presently compete with the Plaintiffs' product at a dramatically lower price.

With respect to the representational injury to the Plaintiffs' product, the evidence was mixed and none of the negative reviews could be clearly traced to any alleged faults with the Defendants' product. (*See* Docs. 1-1, 1-3 (attachments to Complaint showing positive reviews of Plaintiffs' product); Docs. 21-3. 21-4, 21-5, 21-6 (showing negative reviews of Plaintiffs' product). Further, even assuming that representational harm can be traced to the Defendants' product, the volume of Defendants' sales is de minimis. *See Am. Beverage Corp. v. Diageo N. Am., Inc.*, 936 F. Supp. 2d

---

[1] While the typical preliminary injunction analysis requires consideration of the substantial likelihood of success, that analysis is not always required. The Federal Circuit previously adopted a procedure whereby a substantial likelihood of success on the merits would result in a presumption of irreparable harm, but that presumption has been called into question. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) (addressing issue in context of permanent injunction, but with reasoning applicable to preliminary injunction); *Adams Arms, Inc. v. Sig Sauer, Inc.*, 8:10-CV-146-T-27TGW, 2010 WL 3119777 (M.D. Fla. Aug. 2, 2010) (discussing shifting burden post *eBay*); *c.f. Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557-58 (Fed. Cir. 1994) (noting that even if patentee receives benefit of presumption of irreparable harm from patent claim, where harm would be de minimis, issuance of a preliminary injunction can be precluded).

555, 615 (W.D. Pa. 2013) (addressing where large sales volume supported lack of irreparable harm upon showing of fault with allegedly infringing product). Accordingly assertions that the Defendants' product would be tarnished in a non-compensable manner are speculative.

Ultimately, the Court's goal with regard to a preliminary injunction is to preserve the status quo to ensure that the judicial process is not rendered futile. *See Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974) ("[T]he most compelling reason in favor of (granting a preliminary injunction) is the need to prevent the judicial process from being rendered futile by defendant's action or refusal to act."). In this case, the status quo is not in jeopardy as the matter currently stands and the lack of a preliminary injunction will not cause irreparable injury to the Plaintiff.

It is therefore,

**ORDERED,** that the Motion for Preliminary Injunction (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 3, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party