UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONAIR CORPORATION and
BABYLISS FACO SPRL,

Plaintiffs,

V. CASE NO. 6:14-CV-831-31TBS

BARBAR, INC. and DOMINIC
BARBAR,

Defendants.
________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS BARBAR, INC. AND DOMINIC BARBAR**

Defendants Barbar, Inc. and Dominic Barbar (collectively, “Barbar”), through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff Conair Corporation and Babyliss Faco SPRL’s (collectively, “Conair”) Complaint (Dkt. 1), as follows:

**JURISDICTION AND VENUE**

1. Barbar does not dispute subject matter jurisdiction based on federal statutes and supplemental jurisdiction, but denies any liability thereunder.

2. Barbar does not dispute personal jurisdiction as to Barbar, Inc. but does deny that there is personal jurisdiction over Dominic Barbar. Barbar admits that it attended the Premier Orlando International Beauty event in Orlando from May 31 through June 2, 2014. Barbar denies all other allegations in paragraph 2 of the Complaint.

3. Barbar denies the allegations as to venue in paragraph 3 of the Complaint and asserts that venue is not proper in this district.

**PARTIES**

4. Barbar is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

5. Barbar is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 5 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

6. Barbar admits that it is a California corporation with offices in California. Barbar denies the remaining allegations in paragraph 6 of the Complaint.

7. Barbar admits the allegations in the first sentence of paragraph 7 of the Complaint, but denies all the remaining allegations in that paragraph.

**BACKGROUND**

8. Barbar is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

9. Barbar denies the allegations in the final sentence of paragraph 9 of the Complaint. As to all the other allegations in that paragraph, Barbar is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 9 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

10. Barbar admits that Dominic Barbar is the "chief officer" of Barbar, Inc., and that it attended the Premier Orlando International Beauty event from May 31 through June 2, 2014, and promoted and offered for sale the accused device at that event. Barbar denies all the remaining allegations in paragraph 10 of the Complaint.

11. Barbar denies the allegations in Paragraph 11 of the Complaint.

12. Barbar admits that certain of Conair's products are purple and others are teal. Barbar denies all the other allegations in paragraph 12 of the Complaint.

13. Barbar denies the allegations in Paragraph 13 of the Complaint.

14. Barbar denies the allegations in Paragraph 14 of the Complaint.

15. Barbar denies the allegations in Paragraph 15 of the Complaint.

16. Barbar denies the allegations in Paragraph 16 of the Complaint.

17. Barbar admits that it received correspondence from Lawrence Cruz dated May 9, 2014 regarding Conair's alleged patent rights, and asserts that said letter speaks for itself as to its contents. Barbar is without knowledge as to the allegations contained in the last two sentences of paragraph 17 of the Complaint, and based upon such lack of knowledge or information it hereby denies the same.

18. Barbar denies the allegations in Paragraph 18 of the Complaint.

## <u>COUNT I – UTILITY PATENT INFRINGEMENT</u>

19. Barbar incorporates by reference and repeats its claims in paragraphs 1 though 18 above as though fully stated herein.

20. Barbar denies the allegations in Paragraph 20 of the Complaint.

21. Barbar denies the allegations in Paragraph 21 of the Complaint.

22. Barbar denies the allegations in Paragraph 22 of the Complaint.

## <u>COUNT II – DESIGN PATENT INFRINGEMENT</u>

23. Barbar incorporates by reference and repeats its claims in paragraphs 1 though 18 above as though fully stated herein.

24. Barbar denies the allegations in Paragraph 24 of the Complaint.

25. Barbar denies the allegations in Paragraph 25 of the Complaint.

26. Barbar denies the allegations in Paragraph 26 of the Complaint.

**COUNT III – FEDERAL TRADE DRESS INFRINGEMENT / UNFAIR COMPETITION**

27. Barbar incorporates by reference and repeats its claims in paragraphs 1 though 18 above as though fully stated herein.

28. Barbar denies the allegations in Paragraph 28 of the Complaint.

29. Barbar denies the allegations in Paragraph 29 of the Complaint.

**COUNT IV – COMMON LAW UNFAIR COMPETITION**

30. Barbar incorporates by reference and repeats its claims in paragraphs 1 though 18 above as though fully stated herein.

31. Barbar denies the allegations in Paragraph 31 of the Complaint.

32. Barbar denies the allegations in Paragraph 32 of the Complaint.

33. Barbar denies each and every allegation in the Complaint, including the section headings, that is not admitted herein.

34. Barbar denies that Conair is entitled to any of the relief sought against Barbar in its Prayer for Relief.

WHEREFORE, Barbar respectfully requests that the Complaint be dismissed in its entirety with prejudice, and judgment be entered in its favor; that Barbar be awarded costs and disbursements, including reasonable attorneys' fees, and such other relief as the Court deems just and equitable.

**AFFIRMATIVE DEFENSES**

1. Patent Nos. 8,607,804, 8,651,118 and D696,456 are invalid and unenforceable.

2. Conair's alleged trade dress is purely functional and as such, unenforceable

3. Conair's alleged trade dress does not have secondary meaning and is therefore unenforceable.

4. Barbar's accused products are not confusingly similar to Conair's asserted products.

5. Barbar's products prominently display Barbar's name and logo and could not be confused with Conair's products, which contain Conair's identifying information.

6. Conair failed to mark its products with patent or "patent pending" notices.

7. Barbar was unaware that Conair claimed any patent or trade dress protection for these products prior to receiving express notice from Conair.

8. Barbar relied on the manufacturer regarding the design and manufacture of its product.

Respectfully submitted this 11th day of July 2014.

*s/Ava K. Doppelt*
Ava K. Doppelt
adoppelt@addmg.com
Allen, Dyer, Doppelt, Milbrath
& Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Orlando, Florida 32801
Telephone: 407-841-2330
Facsimile: 407-841-2343

**Counsel for Defendants Barbar, Inc. and Dominic Barbar**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 11, 2014 I electronically filed the foregoing using the Case Management/Electronic Case Filing ("CM/ECF") system, which will send a notice of electronic filing to the following CM/ECF participants:

Joel B. Rothman
Joel.rothman@srilaw.com
Schneider Rothman IP Law Group, PLLC
4651 N. Federal Highway
Boca Raton, Florida 33431
Telephone (561)404-4350
Facsimile (561)404-4353

Robert P. Greenspoon
rpg@fg-law.com
William W. Flachsbart
wwf@fg-law.com
Flachsbart & Greenspoon, LLC
333 N. Michigan Avenue, 27th Floor
Chicago, IL 60601
Telephone (312)551-9500
Facsimile (312)551-9501

*s/Ava K. Doppelt*