UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONAIR CORPORATION and
BABYLISS FACO SPRL,

    Plaintiffs,

v.                                       Case No: 6:14-cv-831-Orl-31TBS

BARBAR, INC. and DOMINIC BARBAR,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiffs' Unopposed Motion to Redact Transcript. (Doc. 40). Plaintiffs seek redaction of a total of 19 lines from the transcript of a June 13, 2014 preliminary injunction hearing held before United States District Judge Gregory A. Presnell. (Doc. 30). They state that the lines in question contain "discussion of confidential corporate information." (Doc. 40, ¶ 3). Upon due consideration of the motion, preliminary injunction hearing transcript, and the other papers filed in connection with the motion for preliminary injunction, the Court will **GRANT** the motion in part and **DENY** it in part.

The public enjoys a qualified common-law right of access to judicial proceedings. See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001). This right applies to all material submitted "in connection with a substantive motion," and requires the Court to balance the interest of the parties in keeping certain information confidential with the interest of the public in making it available. Id. at 1312-13. Redacting parts of a publicly available document, like sealing a document in its entirety, infringes on the public's right of access. Redaction, however, can be a far less

drastic alternative to sealing and may offer a solution that substantially honors both the parties' interest in secrecy and the public's interest in access.

Before the Court can order redaction of the record, it must satisfy itself that the information the parties wish to redact is actually confidential.   Some of the information Plaintiffs seek to redact is otherwise available in the public docket.   For example, Plaintiffs seek redaction of rough sales figures for a hair curling product.   These numbers were quoted in the Court's four-page order dated July 3, 2014, denying Plaintiffs' motion for a preliminary injunction.   (Doc. 36, p. 2).   The order has been publicly available for almost two weeks and Plaintiffs have not asked to have it sealed.   Their failure to do so suggests that they do not place much value in the secrecy of this information.   Plaintiffs also ask the Court to redact vague references to the "millions" of dollars they spent on research, development, and marketing.   But in a declaration supporting their motion for preliminary injunction, one of Plaintiffs' executives states that "Conair has invested millions of dollars in distribution and marketing of Curl Secret and Miracurl in the United States and worldwide."   (Doc. 2-2, ¶ 4).   Plaintiffs' voluntary disclosure shows that they do not regard this information as secret.

The other lines Plaintiffs wish to redact contain information that is not already in the public record.   The Court accepts Plaintiffs' representation that these lines contain confidential information which would cause Plaintiffs harm if disclosed.   The Court also notes that this case involves private parties and not public officials or public concerns, and that the redactions will not impair judicial functions.   Lastly, the Court finds that infringement on the on the public's right of access caused by redaction is insubstantial. Therefore, it is **ORDERED** that:

(1) Plaintiffs' Motion to Redact Transcript is **GRANTED IN PART** and **DENIED IN PART**.

(2) The Clerk and/or Official Court Reporter shall **REDACT** the following lines from the publicly available transcript:

>a. Page 27, Line 9;
>
>b. Page 28, Lines 7-8 and 10-12; and
>
>c. Page 44, Lines 4 and 16.

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

>Counsel of Record
>Unrepresented Parties
>Official Court Reporter